IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLA RENI GRAYSON,

               Plaintiff,

vs.                                       Case No. 09-1291-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

               Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. Plaintiff filed her initial brief on March 23, 2010 (Doc. 16). On June 24, 2010, the defendant filed a motion to reverse and remand the case for further hearing (Doc. 24-25). Plaintiff filed a response to the motion on July 1, 2010 (Doc. 26). Defendant filed a reply brief on July 15, 2010 (Doc. 27).

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

1

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

3

to be disabled.  If the claimant survives step four, the fifth
and final step requires the agency to consider vocational factors
(the claimant's age, education, and past work experience) and to
determine whether the claimant is capable of performing other
jobs existing in significant numbers in the national economy.
Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of
the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir.
1993).  At step five, the burden shifts to the Commissioner to
show that the claimant can perform other work that exists in the
national economy.  Nielson, 992 F.2d at 1120; Thompson v.
Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner
meets this burden if the decision is supported by substantial
evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will
assess the claimant's residual functional capacity (RFC).  This
RFC assessment is used to evaluate the claim at both step four
and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g);
416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On January 20, 2009, administrative law judge (ALJ) Edmund
C. Werre issued his decision (R. at 21-29).  Plaintiff alleges
that she has been disabled since June 2, 2003 (R. at 21).
Plaintiff is insured for disability insurance benefits through

4

December 31, 2007 (R. at 23). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since June 2, 2003, the alleged onset date of disability (R. at 23). At step two, the ALJ found that plaintiff had the following severe impairments: cepalgia, hypertension, hiatal hernia, leg and back pain syndrome (R. at 23). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 24). After determining plaintiff's RFC (R. at 24), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 28). At step five, the ALJ found that plaintiff can perform other work that exists in significant numbers in the national economy (R. at 28-29). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 29).

**III. Should this case be reversed and remanded for further hearing, or reversed for an award of benefits?**

When a decision of the Commissioner is reversed, it is within the court's discretion to remand either for further administrative proceedings or for an immediate award of benefits. When the defendant has failed to satisfy their burden of proof at step five, and when there has been a long delay as a result of the defendant's erroneous disposition of the proceedings, courts can exercise their discretionary authority to remand for an immediate award of benefits. Ragland v. Shalala, 992 F.2d 1056,

1060 (10th Cir. 1993). The defendant is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion. Sisco v. United States Dept. of Health & Human Services, 10 F.3d 739, 746 (10th Cir. 1993). A key factor in remanding for further proceedings is whether it would serve a useful purpose or would merely delay the receipt of benefits. Harris, 821 F.2d at 545. Thus, relevant factors to consider are the length of time the matter has been pending, and whether or not, given the available evidence, remand for additional fact-finding would serve any useful purpose, or would merely delay the receipt of benefits. Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

Defendant seeks a reversal of the decision of the Commissioner, and a remand of this case for further hearing for the following reasons:

> Upon remand, the ALJ will be asked to reevaluate the medical opinions of Kerin Schell, Ph.D., Molly Allen, Psy.D., Aaron M. Lewis, M.D., Dr. Schneider, and State agency consultants Drs. Schulman, Blum and Adams, discussing the factors set out in 20 C.F.R.

>           §§ 404.1527 and 416.927, Social Security
>           Ruling (SSR) 96-2p, and <u>Watkins v. Barnhart</u>,
>           350 F.3d 1297, 1300 (10th Cir. 2003), and
>           indicate the weight given to each one. The
>           ALJ will obtain evidence from a medical
>           expert to determine the severity of
>           Plaintiff's mental impairments. The ALJ will
>           further evaluate Plaintiff's maximum residual
>           functional capacity, obtain supplemental
>           vocational expert evidence, and issue a new
>           decision.

(Doc. 25 at 1-2). Plaintiff, in her response to the motion to remand, contends that the motion fails to identify specific errors that need to be corrected if the case is remanded for further hearing. Plaintiff argues that the court should consider remanding the case with directions that benefits be awarded. In the alternative, plaintiff requests that the case be remanded for further hearing with specific reference to errors which must be corrected.

Plaintiff is correct that the ALJ failed to discuss the medical opinions of Dr. Schell (R. at 392-397), or the opinions of Dr. Schneider in a report dated October 31, 2005 (R. at 283). An ALJ must evaluate every medical opinion in the record. <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. It is clear legal error to ignore a medical opinion. <u>Victory v.</u>

7

Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005). Therefore, if the case is remanded for further hearing, the ALJ should consider or reconsider all the medical opinions set forth in the motion to remand, including those of Dr. Schell (R. at 392-397) and Dr. Schneider (R. at 268) which were not previously discussed by the ALJ in his decision.

Plaintiff filed for disability benefits on November 9, 2006 (R. at 21). This is the first time that plaintiff has sought judicial review. Although the medical evidence not discussed by the ALJ provides some support for a finding of disability, it has not been evaluated in the first instance by the Commissioner. The court should not engage in the task of weighing evidence in the first instance, Clifton v. Chater, 79 F.3d 1007 at 1009; Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998), but should review the Commissioner's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards. Clifton, 79 F.3d at 1009.

Furthermore, there is other medical opinion evidence, noted in the motion to remand, from Dr. Allen (R. at 403-407), Dr. Lewis (R. at 398-402), and Drs. Schulman, Blum and Adams (R. at 408-422, 429) which do not indicate that plaintiff is disabled. Given this fact, and the fact that the ALJ failed to consider some medical opinion evidence that provides some support for a

8

finding of disability, the court finds that a remand of this case for further hearing would serve a useful purpose. The court will therefore reverse the decision of the Commissioner and remand the case for further hearing.

When this case is remanded, the ALJ shall comply with all the requirements set forth in the motion to remand (quoted on pages 6-7 of this order). The ALJ shall evaluate or reevaluate all the medical opinion evidence, including the medical opinion evidence listed in the motion to remand. This includes the medical opinion evidence of Dr. Schell (R. at 392-397) and Dr. Schneider (R. at 283). The ALJ shall also consider and address all other issues raised by plaintiff in their brief (Doc. 16), including the evidence of migraine headaches, and a number of credibility issues.

IT IS THEREFORE ORDERED that the motion to remand (Doc. 24-25) is granted. The decision of the Commissioner is reversed, and the case is remanded (sentence four remand) for further hearing in accordance with this opinion.

Dated this 21st day of July, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge